**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EVELYN LYLES,              )
                                    )
         **Plaintiff,**       )
                                    )     **Civil No.  1:10-cv-10-1424 (ESH)**
     **v.**                 )
                                    )
**DISTRICT OF COLUMBIA,**   )
                                    )
        **Defendant.**      )
_____)

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE,**
**FOR SUMMARY JUDGMENT**

Defendant District of Columbia  (the "District"), by and through undersigned counsel and

pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 56(b), hereby moves this Court to dismiss the

Plaintiff's Second Amended Complaint on the grounds that it fails to state a claim on which

relief could be granted, or, in the alternative, grant summary judgment in the District's favor.

A Memorandum of Supporting Points and Authorities and Statement of Undisputed

Material Facts, along with a proposed Order, are attached hereto.

Because this is a dispositive motion, the District is not required to seek the plaintiff's

consent with regard to this Motion pursuant to Local Civil Rule 7.

Respectfully submitted,

PETER J. NICKLES
Attorney General, DC

1

GEORGE C. VALENTINE
Deputy Attorney General, DC
Civil Litigation Division


/s/ William B. Jaffe
WILLIAM B. JAFFE [502399]
 Chief, General Litigation Section III

/s/ Steven J. Anderson
STEVEN J. ANDERSON [334480]
Assistant Attorney General
441 4th Street, N.W., 6S-61
Washington, D.C. 20001
(202) 724-6600
(202) 741-5923 (fax)
Steve.anderson@dc.gov

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EVELYN LYLES,                           )
                                        )
       **Plaintiff,**                )
                                        )    **Civil No.  1:10-cv-10-1424 (ESH)**
       **v.**                       )
                                        )
**DISTRICT OF COLUMBIA,**               )
                                        )
       **Defendant.**                )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

The Court should dismiss the Plaintiff's Second Amended Complaint ("Complaint"), or

grant summary judgment in favor of the defendant, District of Columbia ("the District"), because:

(1) Plaintiff's claims under the D.C. Human Rights Act ("DCHRA") are barred by Plaintiff's failure to give timely notice to the Mayor of these claims as required by D.C. Code § 12-309;

(2) In the alternative, Plaintiff's Claims under the DCHRA in Count I, II, II and IV are barred under DCHRA's one-year statute of limitations;

(3) Plaintiff's sexual harassment and sex discrimination claim (Count I) and employer retaliation claim (Count IV) under Title VII of the Civil Rights Act are barred by plaintiff's failure to her exhaust administrative remedies;

(4) Plaintiff's disability discrimination claim (Count II) under the Americans with Disabilities Act ("ADA") is  barred by Plaintiff's failure to exhaust her administrative remedies as to this claim;

(5) Plaintiff's age discrimination claim (Count III) under the Age Discrimination in Employment Act (ADEA) is barred by Plaintiff's failure to exhaust her administrative remedies as to this claim; and

(6) Plaintiff's claim for punitive damages against the District of Columbia is not allowed and must be dismissed as a matter of law.

### *Statement of Facts*

This case arises out of the plaintiff's employment with the District of Columbia at its Department of Mental Health ("DMH").  (Complaint ¶ 1, 2).  Plaintiff filed her original complaint on August 24, 2010, and filed an Amended Complaint on September 24, 2010 and Second Amended Complaint on September 27, 2010.  In her Second Amended Complaint [Docket entry 9], ("Complaint") Plaintiff alleges sexual harassment/sex discrimination in violation of the DCHRA and Title VII of the Civil Rights Acts of 1964 (Count I), disability discrimination in violation of the DCHRA and the Americans with Disability Act ("ADA") (Count II), age discrimination in violation of the DCHRA and ADEA (Count III), and employment retaliation in violation of the DCHRA and Title VII of Civil Rights (Count IV).

The Complaint alleges that Plaintiff, a 60 year old female, was employed by DMH as a Vocational Rehabilitation Specialist from 1994 until she was laid off in a Reduction in Force ("RIF") in August 2009.  (Complaint ¶ 1).  The Complaint alleges that from March 2007 until October 2008, Plaintiff's subordinate engaged in constant sexual harassment of her in Plaintiff's workplace.  (Complaint ¶ 10).  Plaintiff alleges that she repeatedly requested that her supervisor stop the harassment by her subordinate, during the period from June 2007 to November 2007. (Complaint ¶ 11).  According to her Complaint, in November 2007, when her subordinate was transferred to a new position, Plaintiff still encountered him each day.  *Id*.  Plaintiff claims that she repeatedly asked her supervisor to resolve the issue with her subordinate and that her supervisor "did not care how [Plaintiff] felt or what she wanted and refused to take action."  *Id*.

In January 2008, Plaintiff allegedly requested that the DMH Director transfer her out of the office to accommodate her PTSD (Post Traumatic Stress Disorder) and Major Depression. (Complaint ¶ 13-14).  Meanwhile, Plaintiff filed a charge of discrimination on June 4, 2008 with the EEOC and the D.C. Office of Human Rights ("OHR").  (See Exhibit B, attached, plaintiff's EEOC/OHR "Charge of Discrimination").  Plaintiff's discrimination charge lists alleged violations of each anti-discrimination law and for each law explains the factual basis of her claims.

In her civil Complaint, Plaintiff alleges that as a result of filing the charge of discrimination with the EEOC she was charged for "32 hours absent without leave" in April 2008.  (Complaint ¶ 15).  Plaintiff further alleges that the District retaliated against her by reassigning her as a Community Services Worker at the Day Services Program "on or about October 28, 2008".  (Complaint ¶ 16).

According to her Complaint, in December 2008 or January 2009, Plaintiff "applied for promotion to Quality Improvement Coordinator and Home and Community Based Services Coordinator at DMH."  (Complaint ¶ 17).  Plaintiff claims that DMH discriminated against her based on her age by hiring a younger person with inferior qualifications and experience. (Complaint ¶ 18).

Finally, on or about August 1, 2009, Plaintiff alleges that DMH terminated her position in retaliation for her filing her EEOC charge.  (Complaint ¶ 20).

## Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "Federal

Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests. " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Aktieselskabet AF 21 v. Fame Jeans Inc.,* 525 F.3d 8, 15 (D.C.Cir. 2008). To show he is entitled to relief, plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555; *see also Papasan v. Allain,* 478 U.S. 265, 286 (1986). The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," *id.* at 555, or "state a claim for relief that is plausible on its face." *Id.* at 557.

In deciding a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89 (2007); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555; *Summit Health, Ltd. v. Pinhas,* 500 U.S. 322, 325 (1991); *Fame Jeans Inc.,* 525 F.3d at 15. Although the complaint is to be construed liberally in plaintiff's favor, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (U.S. 2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—"that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the

6

right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993). Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id.*

### *Argument*

### I.   ALL OF THE PLANTIFF'S CLAIMS UNDER THE DCHRA MUST BE DISMISSED OR IN THE ALTURNATIVE JUDGMENT MUST BE ENTERED FOR THE DEFENDANT ON THESE CLAIMS

#### A.   The Plaintiff's claims under DCHRA are barred because the Plaintiff failed to give notice to the Mayor as required by D.C. Official Code § 12-309

In each of the four counts in her Complaint, plaintiff alleges that she is entitled to relief under the DCHRA. However, as explained below, these claims are barred by plaintiff's failure to give notice to the Mayor of the District as required by D.C. Code § 12-309. According to the attached affidavit, Exh. A, no notice has been received from the plaintiff purporting to satisfy § 12-309.

Section 12-309 provides, as follows:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The District of Columbia Court of Appeals has long held that "in derogation of the common law principle of sovereign immunity, section 12-309 is to be construed narrowly against claimants." *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C.1995). Furthermore, under Section 12-309 "compliance with its terms is 'mandatory as a prerequisite to filing suit against the District.'" *Id*. (quoting *Hardy v. District of Columbia*, 616 A.2d 338, 340 (D.C.1992)). The rationale for the notice requirement is "to protect District of Columbia against unreasonable claims and to give reasonable notice … so that the facts may be ascertained." *Dunmore*, 662 A.2d at 1359. Moreover, "the six-month [statutory notice] clock begins to run from the moment the plaintiff sustains the injury, not from the moment a cause of action accrues." *Id*. (citing *DeKine v. District of Columbia*, 422 A.2d 981, 985 (D.C.1980). In *Kennedy v. D.C.*, 519 F. Supp. 2d 50, 57 (D.D.C. 2007), the Court granted summary judgment to the District and held that plaintiff's claim under the DCHRA was barred due to plaintiff's failure to comply with the mandatory notice provisions of § 12-309. *See also Byrd v. District of Columbia*, 538 F. Supp. 2d 170, 175-76 (D.D.C. 2008).

Plaintiff's claims of sexual harassment and sex discrimination (Count I), disability discrimination (Count II), age discrimination (Count III), and employer retaliation (Count IV) under the DCHRA are barred by her failure to provide notice to the Mayor of the District of Columbia within the six-month period after she sustained the injury. In this case, the District never received any § 12-309 notice from the Plaintiff regarding her injuries which began in March 2007. (Complaint ¶ 10; also see Exhibit A, Affidavit of Tamonica Heard). Moreover, even her most recent injury happened so long ago that it falls outside the six-month notice period under § 12-309. According to her Complaint, the most recent injury of employment retaliation

occurred "on or about August 1, 2009" and would require the Plaintiff to have filed the notice

before February 1, 2010.  (Complaint ¶ 20).   However, as of October 2010, Plaintiff had filed no

notice.  Consequently, because any notice of the Plaintiff's most recent claim (Count IV of

employment retaliation) would be untimely, then all the preceding claims (Count I to III) are also

barred.  Thus, all Plaintiff's claims under DCHRA must be dismissed as a matter of law with

prejudice, or judgment entered in favor of the defendant.

> **B.     In the alternative, Plaintiff's claims in Count I under the DCHRA are barred
> under DCHRA's one-year statute of limitations**

A claim under DCHRA is required to "be filed in a court of competent jurisdiction within

one year of the unlawful discriminatory act, or the discovery thereof."  D.C. Code § 2-1403.16(a)

(2001).  Moreover, the statute of limitations "begins to run at the time the plaintiff is made aware

of the allegedly discriminatory act."  *Di Lella v. Univ. of District of Columbia David A. Clarke*

*Sch. of Law*, 570 F.Supp.2d 1, 6 (D.D.C. 2008) (citing *Brown v. Nat'l Acad. of Scis.*, 844 A.2d

1113, 1118 (D.C. 2004)).

A Plaintiff under the DCHRA has two options.  Either file a civil action, or "timely filing

of a [discrimination charge] with the Office [of Human Rights] ("OHR")" to "toll the running of

the statute of limitations while the complaint is pending before the Office."  D.C. Code § 2-

1403.16(a).  In this case, plaintiff did neither within one-year of the alleged discrimination and

therefore her claims are also barred on this basis.

Plaintiff's sexual harassment and sex discrimination claim (Count I) under DCHRA is

time barred by both the failure to file suit within the one-year statute of limitations or file a

complaint with the OHR within the one-year period.  According to her Complaint, the sexual

harassment by Plaintiff's subordinate occurred from March 2007 to October 2008.  (Complaint ¶

10).  Plaintiff filed the instant matter in August 2010, well beyond one year after October 2008.

Plaintiff clearly failed to file her suit within the one-year statute of limitations.

According to her Complaint, Plaintiff reported this issue and repeatedly requested that

her supervisor take action against the subordinate or transfer the Plaintiff.  (Complaint ¶ 11).

Even after the subordinate was transferred from Plaintiff's supervision in November 2007,

Plaintiff still "continued repeatedly to request [her supervisor] until October 2008" to take

further action but her supervisor allegedly "did not care how [Plaintiff] felt or what she wanted."

(Complaint ¶ 11).  Thus, Plaintiff had a one-year period from the injury in October 2008 to file

suit but waited too late to file suit in Court on August 24, 2010.  Moreover, plaintiff's initial

complaint did not include allegations under the DCHRA.  Rather, this claim was not added until

September 24, 2010 when plaintiff filed her Amended Complaint [Docket entry no. 5]. As such,

Plaintiff's Count I is barred by the statute of limitations.

The running of the one-year limitations period is not tolled by the charge Plaintiff filed

with the OHR because the Plaintiff's allegations in her OHR charge are different from those in

her civil Complaint. *Cf.*,  D.C. Code § 2-1403.16(a).  "[I]t is only logical to limit the permissible

scope of the civil action to the scope of the EEOC investigation which can reasonably be

expected to grow out of the charge of discrimination." *Ivey v. District of Columbia*, 949 A.2d

607, 615 (D.C. 2008) (quoting *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th

Cir.1970)).  In her discrimination charge filed June 4, 2008, (attached as Exh. B) Plaintiff alleges

that she

> "Beginning in March 2007 … [she] was subjected to a sexually hostile work environment
> [and that] … the environment consisted of the *acting Leader* (Male) being inappropriate
> with his language.  He would pat me on my buttocks and make gestures with his hand as

if he was jingling a butt.  He also stated, "I have to take you somewhere and give you a spanking."

Exh. B.  However, in her civil Complaint, plaintiff alleges she was harassed by her *subordinate*, Steven Miller.  (Complaint ¶¶ 10-11).  The alleged harassers described in the civil Complaint and plaintiff's discrimination charge are different.  Therefore, Plaintiff's complaint of sexual harassment is barred by the 1-year statute of limitation because the tolling exception is inapplicable, and Plaintiff's Count I under DCHRA must be dismissed.

### C.     In the alternative, Count II is also time barred under DCHRA's one-year statute of limitations

In general, a claim under DCHRA must be filed within the one-year period but can be tolled with proper filing of a complaint with OHR.  (*See* Argument I(B)).  Plaintiff's disability discrimination allegedly occurred on October 28, 2008, when DMH transferred Plaintiff to the Day Treatment Program due to her Post traumatic stress disorders ("PTSD") and major depression.  (Complaint ¶¶ 26-27).  Accordingly, Plaintiff had one year to timely file a suit raising this allegation.  This did not happen.  Rather, plaintiff waited until August 24, 2010, to file the instant matter.  (Complaint ¶ 9).

Again, Plaintiff's Count II is not saved by the exception for administrative charges because the allegations in Plaintiff's discrimination complaint (Exh. B)  are factually different from what she has included in her Complaint.  (See *Ivey,* 949 A.2d 607 at 615).  Plaintiff's civil Complaint alleges her disabilities to be PTSD and major depression.  (Complaint ¶ ¶ 13, 25).  In contrast, Plaintiff's EEOC charge relates to the denial of her workman's compensation based on her alleged disability secondary to an ankle injury "while moving a desk" on December 6, 2007.  (Exhibit B, EEOC Charge of Discrimination).

11

The allegations in Plaintiff's civil Complaint about PTSD and major depression simply are not "reasonably related to the allegations of the EEOC charge" about her ankle injury.  *Ivey,* 949 A.2d 607 at 615 (quoting *Gibbs v. Pierce County Law Enforcement Support Agency*, 785 F.2d 1396, 1400 (9th Cir.1986)).  Thus, Plaintiff's Count II must be dismissed because it is time barred.

> **D.      In the alternative, Count III is also time barred under DCHRA's one-year statute of limitations**

A claimant under DCHRA must file suit within the one-year period but can toll with proper filing of a complaint with OHR.  (See Argument I(B)).  Plaintiff's age discrimination allegedly injury occurred in "December 2008 and/or January 2009" when she "applied for promotion to the positions of Quality Improvement Coordinator ("QIC") and Home and Community Based Services Coordinator ("HCBSC") at DMH."  (Complaint ¶¶  17, 30).  Plaintiff alleges that (1) she was discriminated against because of her age and (2) that DMH "hired persons younger than her for each position who had inferior qualifications and experience."  (Complaint ¶ 31).  Consequently, Plaintiff had one-year from January 2009 to timely file a law suit.  However, she waited well beyond one year after January 2009 and did not file the instant law suit until August 24, 2010.  (Amended complaint ¶ 9).

There was no tolling of the limitations period based upon Plaintiff's unrelated discrimination charge.  Rather, Count III in Plaintiff's Complaint is factually different from the age discrimination claims in plaintiff's EEOC charge.  Plaintiff's civil Complaint alleges that DMH discriminated against her based on her age by not selecting her for promotion.  (Complaint ¶ 30-31).  In contrast, Plaintiff's EEOC charge described: CEO's statement that "[Plaintiff] looked really good for your age" in April 2008; personal message during a meeting that

employees over 40 "would have to look for another job"; and the Director asking Plaintiff about her age. (Exhibit B, EEOC Charge of Discrimination). There is no reference to age discrimination in promotion in plaintiff's charge of discrimination, Exh. B.

Because plaintiff's EEOC charge is not reasonably relate to the alleged denial of promotion for Plaintiff, the EEOC charge does not toll the statutory period for filing a complaint and Count III must be dismissed because it is barred by the one year statute of limitations.

> **E.     In the alternative, Plaintiff's claim of "employment retaliation" under DCHRA, Count IV, is barred by the applicable one-year statute of limitations**

A claim under DCHRA must be brought suit within the one-year limitation period but this period can be tolled with proper filing of a complaint with OHR. (See Argument I(B)). Plaintiff's latest date of alleged retaliation occurred on August 1, 2009, when Plaintiff lost her job as a Vocational Rehabilitation Specialist pursuant to a RIF (reduction in force). Complaint ¶ 19. The remaining allegations of retaliation occurred before August 1, 2009. Specifically, plaintiff alleges that the defendant retaliated against her by charging her with AWOL hours; detailing Plaintiff as a CSW at the Day Treatment Program; failing to return her to original position; failing to promote her; separating her through a RIF; and failing to pay her severance. (Complaint ¶ 34). However, none of the incidents of alleged retaliation except for the AWOL charge are described on the Plaintiff's EEOC charge. In her EEOC charge plaintiff alleges that she was subject to unlawful retaliation because "[s]ometime in January 2008, the Director of Adult Services has threatened to place me on absence without leave without checking my leave balance." Exh. B, at 2.

In addition, according to the Complaint they all occurred more than one year before Plaintiff filed this suit.  Thus these allegations are barred by the statutory one year limitations period. *See* D.C. Code § 2-1403.16(a) (2001).

With respect to the AWOL charge, it is also barred by the statute of limitations because the factual allegations in the Complaint are not reasonably related to the plaintiff's EEOC charge.  The plaintiff's EEOC charge describes the Director threatening "to place [Plaintiff] on absence without leave without checking my leave balance."  (Complaint ¶ 34).  In contrast, the Plaintiff's civil complaint relates to Plaintiff being charged with "32 hours absent without leave while [Plaintiff] was on sick leave for PTSD."  (Complaint ¶ 15).  Since the two descriptions are unrelated, the AWOL incident within the employer retaliation count (Count IV) must also be dismissed.

In addition, the retaliation claim in Plaintiff's discrimination charge does not allege that the conduct was motivated by the intent to retaliate based on activity which would be illegal under the DCHRA.  *See Howard University v. Green*, 652 A.2d 41 (Under the DCHRA it is only unlawful for an employer to retaliate against a person on account of that person's protected activities.)  Here, plaintiff merely alleges that "Sometime in January 2008, the Director of Adult Services has threatened to place me on absence without leave without checking my leave balance." Exh. B.  This allegation does not advise the employer that plaintiff is claiming the conduct is motivated by an illegal motive.  Accordingly, Count IV must be dismissed or judgment entered for the District.

## II.   PLAINTIFF'S SEXUAL HARASSMENT CLAIM (COUNT I) UNDER TITLE VII OF THE CIVIL RIGHTS ACT IS TIME BARRED BY HER FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES

A plaintiff bringing a claim under Title VII of the Civil Rights Act must her exhaust administrative remedies before bringing suit in the district court.  42 U.S.C. § 2000e-5(f)(1); *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1366 (D.C Cir. 1998) (citing *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985)).  Furthermore, the Plaintiff must follow the procedural guideline set forth in 42 U.S.C. § 2000e-5(e) which requires that an administrative complaint must be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unfair employment practice unless the plaintiff initially files with the OHR.  In that case, the statute of limitations is extended to a maximum of 300 days.  *Currier*, 159 F.3d at 1366.  A court will consider the plaintiff's EEOC complaint timely if it precisely describes the "unlawful employment practice of which he complains," and is filed within either 180 or 300 days after the injury.  *Id.* (quoting *Delaware State Coll. v. Ricks*, 449 U.S. 250, 257 (1980)).  The subsequent civil action by the plaintiff will be "restricted to only those claims that are asserted in the administrative complaint and that are 'like or reasonably related to the allegations of the charge and [which grow] out of such allegations.'" *Christopher v. Billington*, 43 F.Supp.2d 39, 47 (D.C. 1999) (quoting *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)).

Hence, Plaintiff her was required to exhaust her administrative remedies for her sexual harassment claim (Count I) before bringing a suit in court.  The date of injury for calculation purposes is October 2008. Complaint ¶ 12 ("From June 2007 until October 2008, Lyles was subject to a hostile work environment."  (See Argument I(B), above).  Therefore, Plaintiff had 300 days from October 2008 to file and EEOC/OHR charge – until August 2009 (300-days after injury).

However, Plaintiff did not exhaust her administrative remedies with respect to her sexual

harassment claim because plaintiff's EEOC charge is factually very different from her present

civil complaint.  In her EEOC charge, she alleges that her sexual harasser was the "Acting

Leader" while in her Complaint she alleges it was her subordinate who harassed her.  (Exhibit B

– EEOC Charge of Discrimination; Complaint ¶ 10).  Since the allegations in Plaintiff's

Complaint were not filed with the EEOC within the 300-day time period to file an charge, the

Court must dismiss Count I under Title VII as a matter of law for failure to exhaust

administrative remedies.  *See Peterson v. Archstone*, 601 F.Supp.2d 123, 127 (D.D.C. 2009)

(dismissing for failure to exhaust administrative remedies regarding retaliation claim where

plaintiff had no record of retaliation on the EEOC claim form).

## III.   PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM (COUNT II) UNDER THE AMERICANS WITH DISABILITIES ACT (ADA) IS TIME BARRED FOR FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES

A claim under the ADA will incorporate the "procedural provisions of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* including the requirement that

an injured individual file an EEOC charge 'within one hundred and eighty days [or three

hundred days] after the alleged unlawful employment practice occurred.'" 42 U.S.C. § 12117(a);

*Mayers v. Laborers' Health & Safety Fund of N. America*, 478 F.3d 364, 368 (D.C Cir. 2007).

Here, Plaintiff was required to exhaust her administrative remedies regarding her

disability discrimination claim (Count II) by filing an EEOC charge within the specified time

period.  According to her Complaint, Plaintiff's disability discrimination injury occurred when

she was transferred to the Day Treatment Program on October 28, 2008 because of her PTSD

16

and major depression (Amended complaint ¶ 16, 25-27).  Consequently, she had until August 24,

2009 (300-days after injury) to timely file a charge with EEOC.

Here, Plaintiff did not ever file an EEOC charge describing her transfer to the Day

Treatment Program as discrimination based on a disability.  Rather, Plaintiff's original EEOC

charge only alleges disability discrimination based on an unrelated ankle injury.  (Exhibit B –

EEOC Charge of Discrimination).  Since the Plaintiff has not exhausted her administrative

remedies regarding the transfer alleged in her Complaint and it is now well past the 300-day time

window for filing with the EEOC, the Court must dismiss Count II under the ADA as a matter of

law.

## IV.   PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES FOR THE AGE DISCRIMINATION CLAIM (COUNT III) UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

A plaintiff filing suit under ADEA, as amended, 29 U.S.C. §§ 621 *et seq*., must first file a

discriminatory charge with the EEOC.  29 U.S.C. § 626(d); *Schuler v. PricewaterhouseCoopers*,

LLP, 514 F.3d 1365, 1367 (D.C Cir 2008).  The rationale is to "to promote the speedy, informal,

non-judicial resolution of discrimination claims ... to preserve evidence and records relating" to

the claim and "to give prompt notice to the employer." *Id*. at 1376 (quoting *Zipes v. Trans World

Airlines, Inc.*, 455 U.S. 385, 398 (1982); *McClinton v. Ala. By-Prods. Corp.*, 743 F.2d 1483,

1485 (11th Cir.1984)).  In addition, plaintiff must file a charge with an appropriate state agency

with regards to the alleged unlawful practice.  29 U.S.C. § 633(b); *Schuler*, 514 F.3d at 1368.

This administrative remedy requirement is "mandatory, not optional."  *Id*. (quoting *Oscar Mayer

& Co. v. Evans*, 441 U.S. 750, 758 (1979)).

Plaintiff did not exhaust her administrative remedies before filing the instant matter because her age discrimination allegations in her EEOC charge and those in her civil complaint are factually unrelated.  Plaintiff's original EEOC charge describes the following age discrimination: CEO's compliment of her age; a personal message during the meeting about how employees over 40 would need to find another job; and Director of Adult Services asking her about her age.  (Exhibit B – EEOC Charge of Discrimination).  In contrast, Plaintiff's civil Complaint claims that she was denied a promotion to positions at QIC and HCBSC based on her age.  (Complaint ¶ 30).  The two incidents are clearly different.   Thus, the Court must dismiss Count III under ADEA based on plaintiff's failure to exhaust her administrative remedy.

**V.  PLAINTIFF'S EMPLOYMENT RETALIATION CLAIM (COUNT IV) UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ARE BARRED BY HER FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES AS TO THESE CLAIMS**

In general, a plaintiff bringing a claim under Title VII of Civil Rights must her exhaust administrative remedy by filing an EEOC charge within 180 or 300 days of an alleged unfair employment practice.  (See Argument II).  Most importantly, the subsequent civil action will be restricted to claims reasonably related to the EEOC charge allegations. *Christopher*, 43 F.Supp.2d at 47.

Plaintiff must first exhaust her administrative remedies for the employer retaliation claim (Count IV) before bringing a suit in court.  The date of injury for calculation purposes is August 1, 2009.  (Complaint ¶ 34).  If Plaintiff elects to go to OHR to file the EEOC charge, she would have until May 28, 2010 (300-days after injury) to be considered timely.  However, Plaintiff did not exhaust her administrative remedies with respect to her employer retaliation claim because plaintiff's original EEOC charge is factually different from her present complaint.  (See

18

Argument I(E)).  The AWOL allegations in the Plaintiff's EEOC retaliation charge are factually

different from Plaintiff's civil Complaint, and she has not exhausted her administrative remedies

for her claims in Count IV.  *Id.*

In her Complaint, plaintiff alleges that she was charged with 32 hours of leave in *April*

2008 *because* she filed an EEO charge. In her discrimination charge, plaintiff alleges that in

*January* 2008 "the Director of Adult Services has threatened to place me on absence without

leave without checking my leave balance."  The two incidents occurred on different dates, and

involved difference facts.  Since the retaliation allegations in the Complaint are not included in

Plaintiff's EEOC charge and more than 300-day time period to file an EEOC charge has passed,

the Court must dismiss Count IV under Title VII as a matter of law for failure to exhaust

administrative remedies.

## VI.    ALL OF PLANTIFF'S CLAIMS FOR PUNITIVE DAMAGES AGAINST THE DISTRICT MUST BE DISMISSED

It has generally been established in this jurisdiction that "there can be no recovery of

punitive damages against a municipality absent a statute expressly authorizing it.  There is no

such statute in this jurisdiction."  *Smith v. District of Columbia*, 336 A.2d 83l, 832 (D.C. 1975).

The court reasoned that "it is to be assumed that the municipal officials will do their duty and if

discipline of a wrongdoing employee is indicated, appropriate measures will be taken without a

punitive award."  *Id*.  As a result, punitive damages are not allowed against the District.  In

*Finkelstein v. District of Columbia*, the Court further clarified that "punitive damage may not be

awarded against the District of Columbia." 593 A.2d 591, 599 (D.C. 1991).  As such, Plaintiff's

claims for punitive damages for all alleged claims against the District must be dismissed.

*Conclusion*

19

For the reasons described above and assuming the truth of all Plaintiff's allegations, the complaint should be dismissed in its entirety,

WHEREFORE, for the foregoing reasons, the District moves this Honorable Court to dismiss the complaint in its entirety.

Respectfully submitted,

PETER J. NICKLES
Attorney General, DC

GEORGE C. VALENTINE
Deputy Attorney General, DC
Civil Litigation Division

/s/ William B. Jaffe
WILLIAM B. JAFFE [502399]
 Chief, General Litigation Section III

/s/ Steven J. Anderson
STEVEN J. ANDERSON [334480]
Assistant Attorney General
441 4th Street, N.W., 6S-61
Washington, D.C. 20001
(202) 724-6600
(202) 741-5923 (fax)
Steve.Anderson@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EVELYN LYLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No.  1:10-cv-10-1424 (ESH)** |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.***,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Comes now defendant District of Columbia ("the District"), by and through undersigned

counsel, and hereby submits the following statement of material facts as to which there is no

genuine issue:

1. The District of Columbia has not received any documents or other communications

   satisfying or purporting to satisfy the mandatory notice requirements of D.C. Code § 12-

   309 as of October 26, 2010.  (Exhibit A, Affidavit of Tamonica Heard).

2. Plaintiff filed an EEOC Charge of Discrimination on June 4, 2008. (Exhibit B, EEOC

   Charge of Discrimination).


Respectfully submitted,

PETER J. NICKLES
Attorney General, DC

GEORGE C. VALENTINE
Deputy Attorney General, DC
Civil Litigation Division

1

/s/ William B. Jaffe
WILLIAM B. JAFFE [502399]
Chief, General Litigation Section III

/s/ Steven J. Anderson
STEVEN J. ANDERSON [334480]
Assistant Attorney General
441 4th Street, N.W., 6S-61
Washington, D.C. 20001
(202) 724-6600
(202) 741-5923 (fax)
Steve.anderson@dc.gov

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EVELYN LYLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No.  1:10-cv-10-1424 (ESH)** |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**O R D E R**

Upon consideration of the Defendant's Motion to Dismiss the Amended Complaint, the

Memorandum of Points and Authorities in support thereof, and any opposition thereto, it is

hereby ORDERED:

The Motion to Dismiss is GRANTED; and it is further ORDERED:

The complaint is DISMISSED, with prejudice.

So ORDERED this _____ day of _____, 20___.

_____
The Honorable Ellen S. Huvelle
U.S. District Court for the District of Columbia

Copies to:

Steven J. Anderson
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

1

MARK G. CHALPIN, ESQ
1509 Woodwell Road
Silver Spring, MD 20906
301-460-5900

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EVELYN LYLES,             )
                            )
          **Plaintiff,**      )
                            )     **Civil No.  1:10-cv-10-1424 (ESH)**
     **v.**                 )
                            )
**DISTRICT OF COLUMBIA, *et al*.,**   )
                            )
         **Defendant.**    )
_____)

## <u>O R D E R</u>

Upon consideration of the Defendant's Motion for Summary Judgment with regard to the Amended Complaint, the Memorandum of Points and Authorities in Support of said Motion, the factual record, and any opposition thereto, it is hereby ORDERED:

The Motion for Summary Judgment is GRANTED; and it is further ORDERED:

That judgment is entered in favor of the defendants on all claims in plaintiff's Second Amended Complaint.

So ORDERED this _____ day of _____, 2010.

_____
The Honorable Ellen S. Huvelle
U.S. District Court for the District of Columbia

Copies to:

Steven J. Anderson
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South

Washington, D.C. 20001

MARK G. CHALPIN, ESQ.
1509 Woodwell Road
Silver Spring, MD 20906
301-460-5900